IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | | |
|---|---|---|
| ROWDY D. ANDERSON, | ) | Cause No. CV 12-5-GF-SEH-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN LEROY KIRKEGARD; | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

## I. Synopsis

On January 13, 2012, Petitioner Rowdy D. Anderson filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Anderson is currently under supervision by the Montana Department of Corrections[1] and is proceeding pro se. Mr. Anderson's claims fail on the merits and should be denied.

---

[1] At the time of filing, Mr. Anderson was incarcerated at Montana State Prison. Given the recommended disposition here, there is no need to consider whether the Attorney General is an appropriate Respondent. Personal jurisdiction was established as of the time of filing. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). Neither subject-matter jurisdiction nor a court's ability to award relief under § 2254(a) is affected by a prisoner's release to supervision after filing. *Carafas v. LaVallee*, 391 U.S. 234, 238-39 (1968).

## II. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## III. Background

Mr. Anderson is serving only one sentence. He has a long history, however, involving multiple felony convictions, deferred or suspended sentences later

reimposed or revoked, re-sentencings, time spent in prison or jail, time spent under supervision in and out of Montana, and a walk away from a pre-release center. Based on the documents and statements within documents he has submitted, the following table appears to be a reasonably accurate summary:[2]

| Felony Offense | Jurisdiction | Disposition Date | Time Sentenced to Custody | Time Deferred, DOC Custody, or Suspended |
|---|---|---|---|---|
| (1) bad checks/ common scheme | Meagher Co. | Feb. 22, 1994 | | six years deferred |
| (2) bad checks/ common scheme | Sheridan Co. | March 1995 | five years | fifteen years suspended |
| (1) bad checks/ common scheme | Meagher Co. | Nov. 17, 1995 | four years | six years suspended |
| (3) burglary | Cascade Co. | June 8, 1998 | | ten years DOC custody consecutive to (4) bail jumping |

---

[2] The terms "probation" and "suspended sentence" are technically distinct but, in practice, interchangeable. "'Probation' means release by the court without imprisonment of a defendant found guilty of a crime." Mont. Code Ann. § 46-1-202(21) (2009). A suspended sentence is served after release from prison. *Id.* § 46-18-201(2), (4). But, because it is served under the supervision of a probation officer, it is frequently called "probation." *E.g.*, Mont. Code Ann. § 46-18-233 ("Whenever . . . the imposition or execution of the rest of the defendant's sentence is deferred or suspended, the court may make payment of the fine or costs a condition for probation."); *State v. Stiffarm*, 250 P.3d 300, 301 ¶ 3 (Mont. 2011) ("the court revoked Stiffarm's suspended sentence . . . because Stiffarm's failure to register was a violation of his probation."), *superseded by statute on other grounds by* 2011 Mont. Laws ch. 230 §§ 1, 3 (eff. Apr. 30, 2011).

   A sentence that commits a defendant to the custody of the Department of Corrections, as opposed to a prison, gives the DOC discretion to decide whether the defendant should be placed in prison, a community corrections facility, or on supervision, and to change his placement without returning to the trial court for authorization. *Compare* Mont. Code Ann. § 46-18-201(3)(a)(ii) *with id.* § -201(3)(a)(iii) (2011). Before the Legislature made DOC commitment available, the sentencing judge had to ensure a community facility or program approved a defendant for placement with them before sentencing a defendant to community placement. Mont. Code Ann. § 46-18-201(1)(f) (1993).

| | | | | |
|---|---|---|---|---|
| (4) bail jumping | Cascade Co. | ?? | ?? | ?? |
| (2) bad checks/ common scheme | Sheridan Co. | Feb. 2001 | | continued fifteen years suspended |
| (3) burglary | Cascade Co. | Oct. 12, 2001 | | ten years: four in DOC custody, six suspended |
| (1) bad checks/ common scheme | Meagher Co. | Dec. 20, 2001 | | six years: five in DOC custody, one suspended |
| (2) bad checks/ common scheme | Sheridan Co. | Dec. 15, 2009 | fifteen years without credit for time served on probation | |

Mr. Anderson is no longer serving any of the above sentences except the last. Here, it is referred to as "the Sheridan County sentence" or "the fifteen-year Sheridan County sentence."

As set forth above, on December 15, 2009, the trial court in Sheridan County revoked Mr. Anderson's previously-suspended fifteen-year sentence and re-sentenced him to fifteen years in prison. He will be eligible for parole after serving one-fourth that term. Mont. Code Ann. § 46-23-201(3) (2011).[3] Mr. Anderson states that he served twelve years and three months of the suspended term before the suspended

---

[3] When Mr. Anderson was originally sentenced, he earned day-for-day good time, but he had to serve half his sentence before becoming eligible for parole. Mont. Code Ann. §§ 46-23-201(3), 53-30-105 (1993). In effect, there has been no change in the minimum time he must serve before he is eligible for parole.

term was revoked. Br. in Supp. (doc. 5) at 6.

On May 26, 2010, the Sentence Review Division of the Montana Supreme Court affirmed the fifteen-year Sheridan County sentence. Pet. Ex. B (doc. 1-3) at 2-3.

On June 30, 2011, Mr. Anderson filed a petition for writ of habeas corpus in the Montana Supreme Court. He asserted that his designation as a persistent felony offender ("PFO") was the only reason the trial court in Sheridan County could impose a sentence as long as fifteen years' probation, and he did not meet the criteria for PFO designation in 1995. He also contended that, given all the credit he was due for time served and for good time, he should have completely discharged the Sheridan County conviction in 2002. Order at 2, *Anderson v. State*, No. OP 11-0327 (Mont. Sept. 13, 2011) (Pet. Ex. C (doc. 1-4)).

The Montana Supreme Court disagreed. It held Mr. Anderson's challenge to his PFO designation was procedurally barred because he had not taken a direct appeal in 1995; his challenge to the fifteen-year Sheridan County prison sentence was barred by Mont. Code Ann. § 46-22-101(2) (2011); and that Mr. Anderson "has not established the time served," for which Mr. Anderson sought credit and good-time credit, "relates to the sentence at issue here." Order at 3, *Anderson*, No. OP 11-0327. Mr. Anderson's petition for rehearing was denied on November 1, 2011. Order at 1,

*Anderson*, OP 11-0327 (doc. 1-5 at 2).

Mr. Anderson filed his federal petition on January 13, 2012.

### IV. Allegations

Mr. Anderson asserts, first, that his PFO designation was "illegal and unconstitutional, in violation of the Eighth Amendment" and "grossly disproportionate to the crime" because he "wrote $624.84 in NSF checks for living expenses." Pet. (doc. 1) at 4 ¶ 15A. He adds that the predicate felony conviction underlying the Sheridan County PFO designation "was not a 'conviction' for PFO purposes." *Id.*

Second, Mr. Anderson contends that he was punished for going to trial on the Sheridan County case, because the prosecution offered him a plea bargain "of 7 years" before trial. *Id.* at 4-5 ¶ 15B.

Third, Mr. Anderson states that either the statutory maximum term was ten years, or, "[a]lternatively," the sentence "should have been . . . 10-years with 5 suspended for PFO with a consecutive 10-year suspended sentence for bad checks." Either way, he says, his sentence exceeded the statutory maximum, "in violation of the Fifth Amendment - Double Jeopardy." He concludes that he is past his discharge date and the Sheridan County court lacked jurisdiction to revoke his fully discharged suspended sentence. *Id.* at 7 ¶ 15C.

### V. Analysis

Many of Mr. Anderson's claims and factual allegations have changed, to some extent, from his claims and allegations in the Montana Supreme Court. Some or all of his claims may therefore be unexhausted and procedurally barred. Some or all may also be subject to the federal statute of limitations. Regardless, it is clear that he is not entitled to relief on the merits. Accordingly, it is more efficient to proceed to the merits. *See, e.g.*, 28 U.S.C. § 2254(b)(2); *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar); *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983).

**A. Claims 1 and 3**

Designation as a persistent felony offender in 1995 depended on the sentence that "could have been imposed" in the previous felony case. Mont. Code Ann. § 46-18-501 (1993). The sentence that "could have been imposed" in Mr. Anderson's previous felony case – that is, the No. 1 Meagher County conviction in the table above – was ten years. *Id.* § 45-6-316(3). PFO designation subjected Mr. Anderson to a sentence of at least five and up to 100 years. *Id.* § 46-18-502(1). Mr. Anderson's argument that he could not be designated a PFO, or that his prior felony conviction was not a "conviction," is frivolous because it ignores the plain language of the PFO statute. *See also id.* §§ 45-2-101(15), 46-1-202(6), (17), (24). His claim that the trial court sentenced him in excess of the statutory maximum is equally frivolous, because

no law required imposition of the minimum PFO sentence on the first occasion a defendant receives a PFO designation.

Mr. Anderson argues that his fifteen-year prison sentence, following over twelve years on supervision, violates the Eighth Amendment and is "grossly disproportionate to the crime." This argument might have more appeal if Mr. Anderson's twelve years on supervision had been successful. They were not. Pet. at 4-6; *see also* Table, *supra*. At any rate, Mr. Anderson's numerous opportunities to conform his conduct to the law, and his persistent failure to do so, distinguish his fifteen-year prison sentence, with eligibility for parole, from his original fifteen-year suspended sentence for writing bad checks totaling over $600 within about a year after his first felony conviction for writing bad checks totaling over $580. Nor do Mr. Anderson's conduct between 1995 and 2009 and his argument in this case comport well with the Supreme Court's Eighth Amendment precedents. *E.g.*, *Lockyer v. Andrade*, 538 U.S. 63 (2003) (affirming dismissal of case challenging sentence of fifty years to life for stealing $150 worth of videotapes); *Ewing v. California*, 538 U.S. 11 (2003) (affirming sentence of twenty-five years to life for the theft of a few golf clubs); *Rummel v. Estelle*, 445 U.S. 263 (1980) (affirming life sentence for obtaining $120.75 by false pretenses, where defendant had previously been sentenced for two similar, nonviolent felonies, all three felonies together involving less than $230).

These claims should be denied.

**B. Claim 2**

Mr. Anderson alleges that his 1995 Sheridan County sentence was vindictive because the trial court knew the State had offered a plea bargain involving a sentence of seven years (in one configuration or another) and yet imposed a sentence totaling twenty years after Mr. Anderson was convicted at trial. He believes that his sentence indicates that he was punished for exercising his constitutional right to a trial.

This claim fails for several reasons. First, and most importantly, any plea agreement offered by Sheridan County was only between the Sheridan County Attorney's Office and Mr. Maier. Courts are not aware of plea agreements until they are accepted by both parties and filed with the court. Mont. Code Ann. § 46-12-211. The court is not bound by the plea agreement, and may reject it even though both parties agree to its terms. *Id.* Here, no plea agreement was reached, so the Court should not have even been aware of the seven year offer, much less bound by its terms.

Further, it is not constitutionally remarkable that a defendant who contests his guilt at trial ultimately receives a lengthier sentence than the State was willing to agree to before trial. *Alabama v. Smith*, 490 U.S. 794, 800-03 (1989); *Colten v. Kentucky*, 407 U.S. 104, 117 (1972). There are good reasons for this:

> [T]he relevant sentencing information available to the judge after [a] plea will usually be considerably less than that available after a trial.
>
> . . . [I]n the course of the proof at trial the judge may gather a fuller appreciation of the nature and extent of the crimes charged. The defendant's conduct during trial may give the judge insights into his moral character and suitability for rehabilitation. . . . [A]fter trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present.

*Smith*, 490 U.S. at 801 (internal citations omitted).

Further, a defendant who pleads guilty "extends a substantial benefit to the State and . . . demonstrates by his plea that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success in [quicker] rehabilitation." *Brady v. United States*, 397 U.S. 742, 753 (1970). As a federal appellate court explained:

> The law . . . has long recognized that a defendant's decision to plead guilty is good evidence of acceptance of responsibility and possibly even sincere remorse. In the absence of what one member of the court at oral argument called a "Remorse-o-meter" to gauge the defendant's level of sincerity, sentencing judges are almost bound – and certainly permitted – to look at a defendant's objective conduct, inferring the greatest remorse, other things being equal, from the promptest acknowledgements of guilt. The whole notion of showing leniency to some deserving defendants – that is, of treating them more mildly than others – requires withholding leniency from others who appear less deserving.

*United States v. Jones*, 997 F.2d 1475, 1478 (D. C. Cir. 1993) (internal citations omitted).

This claim should be denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Anderson's claims are conclusively lacking in merit. His claim that the trial court lacked authority to sentence him as a persistent felony offender is flatly contradicted by the plain language of the state statutes. A fifteen-year prison sentence, with eligibility for parole after serving one-quarter of that time, imposed after a twelve-year period of probation during which Mr. Anderson committed two new felonies, absconded, and was subjected to numerous reports of violations and revocations, is not cruel or unusual under the Eighth Amendment. There is nothing remarkable about a sentence imposed after trial being nearly three times longer than the sentence the State offered in a plea bargain. There is no reason to encourage

further proceedings on Mr. Anderson's claims. A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Mr. Anderson.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Anderson may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Anderson files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Anderson from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Anderson must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of May, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge